STATE *ex rel.* WALLS *v.* COTTER *et al.*

(*Knoxville,* September Term, 1939.)

Opinion filed October 21, 1939.

H. B. MACK, of Chattanooga, for complainants.

DAVIS, BERKE & JONES and JOE W. ANDERSON, all of Chattanooga, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The prayer of this bill is for a mandamus to require the Board of Plumbing Examiners of the City of Chattanooga to issue to L. D. Walls a Master or Employers Plumber's License, pursuant to the provisions of Ordinance No. 2210 of the City of Chattanooga, passed on the 22d day of June, 1937. Section 4 of this Ordinance, as incorporated in the bill, reads as follows: "All persons now engaged in the plumbing business in the City of Chattanooga shall have ninety days after passage of this ordinance within which to qualify and obtain their Certificate of Competency, in accordance with the provisions of this Ordinance, but no person shall be required to take the examination who has been for five years immediately preceding the passage of this Ordinance duly licensed by the City of Chattanooga to engage in the plumbing business."

Walls alleges that he has been a Master plumber, and also a Journeyman plumber, since 1931 and that he paid his privilege tax and license for the years 1931, 1932 and 1933, but was sick and unable to engage in his business during the years 1934 and 1935, but that he resumed his business both as Master and Journeyman plumber and paid his license for 1936 and 1937. He further alleges that on the 4th of September, 1937, and within the ninety day period required by the Ordinance, he made demand of the Board of Examiners for licenses as both a Master

and a Journeyman plumber, but that the Board refused to issue him a license as a Master or Employer plumber, although a license was issued as a Journeyman plumber. He charges that the Board put its refusal of a license as Master plumber upon the ground that the applicant had not been engaged in the plumbing business for five years immediately preceding the passage of the Ordinance.

A demurrer was interposed on behalf of the Board setting up this ground for the refusal of the license. The Chancellor sustained the demurrer and dismissed the bill and Walls has appealed.

██ As already indicated, the bill on its face shows that Mr. Walls is not in a position to enforce his demands, since his unfortunate protracted illness throughout the years 1934-5 interposed a break in the continuity of his work in the plumbing business as the result of which he cannot bring himself within the clear and positive terms of the Ordinance. Under these conditions he is not one *"who has been for five years immediately preceding* the passage of this Ordinance duly licensed," etc. We italicize the determinative language.

We think it true, as suggested by learned counsel, that the showing made of training and service was sufficient to establish the competency of Mr. Walls in the minds of fair and reasonable persons, and we doubt not that the Board would have issued him the license he sought but for the imperative language of the Ordinance, heretofore quoted, which we think mandatory.

██ It is suggested on brief that the Board has been inconsistent in granting a Journeyman plumber's license to Mr. Walls and refusing a Master Plumber's license. We are unable to see how, if true, this could affect the result here. Even if the Journeyman's license was unauthorized and the Board exceeded its authority in that

regard, this would not justify the Court in requiring the Board to further exceed its authority under the Ordinance and issue the Master Plumber's license.

We are unable to escape the conclusion that there was no error in the action of the Chancellor and his decree must be affirmed.